## HYDE VS. BARKER.

NONSUIT. After evidence has been given on the part of the plaintiff pertinent to the issue, a justice of the peace has no power to order a peremptory nonsuit, although he is trying the cause without a jury.

ERROR to the District Court for *Rock* County.

*Hyde* brought an action against *Barker* before a justice of the peace in Rock county, on an account for work and labor. The plaintiff filed a written declaration in assumpsit, containing three counts. The first count was on a special contract made in August, 1841, to build a corn barn for the defendant for $24 — the work to be done by the 20th October, 1841 ; the second count was on a similar contract, the work to be done in a reasonable time ; and the third was for work and labor generally. The defendant pleaded the general issue. The case was tried by a justice without a jury, and on the trial the plaintiff proved that he had done a principal portion of the work on the contract, but did not prove that it was completed as set out in the first count in the declaration, and attempted to prove what the work was worth, which was objected to by the defendant, and the objection was sustained by the justice. The defendant moved for a nonsuit on the ground that a special contract had been set up, and the plaintiff had failed to prove performance on his part. The plaintiff, pending the motion, asked leave to withdraw the first count in the declaration and let the evidence apply on the other counts, which the justice refused, and gave judgment of nonsuit against the plaintiff.

The case was taken into the district court by certiorari, where the judgment of the justice was affirmed, and *Hyde* prosecuted a writ of error to reverse the judgment of the district court.

*J. H. Knowlton* and *Edward V. Whiton*, for plaintiff in error.

*David Noggle*, for defendant in error.

VOL. I. — 20

Hyde vs. Barker.

MILLER, J. This case came before the district court for Rock county, by certiorari to a justice of the peace. The error complained of was, that the justice after hearing the ·testimony on part of the plaintiff in support of the claim and pertinent to the issue, on motion of the defendant, for reasons therein stated, entered a nonsuit against the plaintiff's consent. This judgment was affirmed by the district court; following, in this particular, the practice in the State of New York. That practice we do not recognize in the district court, and consequently the same, if not better reasons should prevent it before a justice. If it were tolerated, serious injustice might in some instances be done. The supreme court of the United States have repeated the rule so frequently, that after pertinent evidence is received on part of plaintiff, the court has no authority to order a peremptory nonsuit, against the will of the plaintiff, on the trial of the cause before a jury, that the point is not now to be questioned. The plaintiff may agree to a nonsuit, but if he do not so choose, the court cannot compel him to submit to it. *Elmere v. Grymes*, 1 Peters, 471; *Dewolf v. Rabaud and others*, id. 497; *Crane v. The Lessee of Morris*, 6 id. 598.

The case was disposed of by the justice. He was bound to the same rule, as if there had been a jury impaneled. As the evidence comes up imperfectly, it might be unsafe to risk an opinion, on the points of law attempted to be raised upon the record, and the court, for this reason, will not attempt their consideration.

The judgment must be reversed, and the case certified to the district court of Rock county, with directions to the said district court to reverse the judgment of the justice.