THE STATE v. CRAFT, Walk. Miss. Rep., 409.

In an indictment, under the act of 1830, prohibiting any person other than Indians, from making settlements within their territory, it is necessary to aver that the defendant is not an Indian.

*R. M. Gaines*, attorney general.

In this case the only question is, whether the court erred in overruling the motion for a new trial. There was but one motion made, and that was for arrest of judgment, and for a new trial, which was treated by the court below simply as a motion for a new trial.

Whether any offense is stated in the indictment, or whether the law is constitutional, are questions which only can arise upon a demurrer, or on a motion in arrest of judgment, neither of which courses was adopted by the defendant.

The ground chiefly insisted on in support of the motion for a new trial, is newly discovered evidence, and it appears from the record that the newly discovered evidence was only cumulative. This constitutes no ground for a new trial. 4 Am. Dig., 446, § 28 ; 2 Caine R., 129, 151 ; 8 Johns., 84.

The whole evidence is not spread upon the record, to enable the court to judge whether a new trial ought to be granted. The court will not hear or give sentence in a criminal case, where the punishment is corporal, unless the accused is present, or at least under recognizance ; or unless his presence is waived. See Chitty Cr. Law.

*George Winchester* for defendant.

The offense charged is, " That Whitwell Craft, on the 18th of September, 1830, did improve, clear, clean up, and build houses on, plant and cultivate, and fence certain lands within the boundary of that part of said county, (to wit, Covington,) lying and being within the lands occupied by the people called Indians." Acts of 1830, 39.   Congress shall have power to regulate commerce with the Indian Tribes.   Rev. Code, 492.

Trial of crimes, jurisdiction of—page 492, sec. 2, 3.

Judicial powers of the United States, Revised Code, 496, sec. 1.

Laws of the United States, and treaties ; Graydon's Digest, 230, 423-5-6.

Gordon's Digest, 264, (1604,) page 267, (art. 1615) ; page 761, and note 2, K.

It is necessary to show his negative averments, and that defendant is not within the exceptions of the statute.   Chitty, 234.

Motion for a new trial, on affidavits for a new trial ; the affidavits stating that Craft cultivated the ground under the authority and by virtue of a contract with Susan Nabby, an Indian authorized to cultivate said lands.

NICHOLSON, J. :

This is an indictment under the act of 1830, page 38, which inflicts the penalties of fine and imprisonment on any person other than Indians, for attempting to make settlements or cultivate any lands within the boundary of the Indian territory.

The clause under which the indictment was framed is in the following words: "It shall not be lawful for any person or persons, *other than the aforesaid Indians,* to make any settlement, or attempt to cultivate any land or lands within the boundaries of the said Indian territory," etc. The indictment states that "Whitwell Craft, late of said county, laborer, on the first day of September, in the year aforesaid, with force and arms, at the county aforesaid, did improve, clear up, build houses, plant, cultivate, and fence certain lands within the boundary of that part of said county, being and lying within the lands occupied by the persons called Indians," &c.

Three grounds were taken by the defendant's counsel in the argument of this case.

1st. That the offense is not sufficiently described.

2d. That it is not alleged in the indictment that the said defendant is not an Indian; and,

3d. That the act of the legislature creating this offense is in opposition to the articles of cession and agreement between the State of Georgia and the United States; hostile to the acts of Congress on this subject; at war with the Indian treaties which have been made since 1776; and in direct violation of the constitution of the United States.

1. With respect to the first ground, that the offense is not sufficiently charged—formerly it was said that the fullest description of an offense, where it even amounted to a legal definition, would not be sufficient without keeping close to the expressions of the statute—1 Chitty Cr. Law, 282. This ancient canon, however, is somewhat relaxed at the present day; for the present rule seems to be, that if the variations consist in the introduction or alteration of words purely superfluous and unnecessary, it will not be material, unless the alteration render the whole repugnant to the intent of the statute; in such case, the superfluous words cannot be rejected, 1 Chitty Cr. Law, 280. Now apply this rule to the description of the charge in the present case; the words of the statute are, "It shall not be lawful for any person, etc., to make any settlement, or attempt to cultivate," etc. The charge in the indictment is, "that the defendant did improve, clear, clean up, build houses, plant, cultivate and fence," etc. Here

are several superfluous and unnecessary charges; yet I can see no repugnancy to the true intent and meaning of the statute.

2. It is not alleged in the indictment that the defendant is not an Indian, etc. It is laid down in Chitty's Cr. Law, 284, that if *exceptions* are stated in the enacting clause, it will be necessary to negative them, in order that the description of the crime may in all respects correspond with the statute; but that when a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. Chitty Cr. Law. 283. In the case of King v. Jarvis, 1 Bur., 148, Lord Mansfield says, "it is now settled, by the uniform course of authorities, that the qualifications be all negatively set out." In the present case, the exception is interwoven with the offense; the language is, "It shall not be lawful for any person or persons, *other than the aforesaid Indians,* to make any settlement, or attempt to cultivate," etc.

Suppose the case had been against Susan Nabby, who, it seems, was the Indian proprietor of the land in question, could the prosecution have been successfully sustained without proving that Susan Nabby was a person other than Indian. I apprehend not. So, in the present case, it was necessary, before the state could fix the offense on the defendant, to prove that he was *other than an Indian.* And his not being an Indian being the very gist of the charge, and absolutely necessary so to be proven, I think it ought to have been so laid in the indictment. And for this defect in the indictment, the judgment below must be reversed. It is not necessary to decide the question raised by the third ground taken in the argument. We will, therefore, not attempt a pacification of the act in question with the several acts of Congress of the United States, nor awake from their slumbers the Indian treaties.

Let the judgment be reversed.

Judges TURNER, CAGE, and MONTGOMERY concur.